**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KEVIN DUBIE,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00559-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant,**
_______________________________/

# ORDER

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits (DIB). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **reversed.**

## I. Background

On September 7, 2021, Plaintiff filed an application for DIB benefits, alleging disability beginning July 2, 2021. The claim was denied initially and upon reconsideration. On January 11, 2023, after a hearing, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 13-22). Plaintiff's request for review was denied by the Appeals Council (Tr. 1), and Plaintiff filed a Complaint in this Court—5:23-cv-547-JSM-PRL. On July 15, 2024, judgment was entered in favor of Plaintiff, reversing and remanding the claim to the Commissioner for further proceedings.

On remand, the ALJ held another hearing. And then on June 23, 2025, the ALJ issued a partially favorable decision finding that Plaintiff was not disabled prior to January 2, 2025, but became disabled on that date and has continued to be disabled. (Tr. 399-411). Plaintiff's

request for review was denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action on September 8, 2025. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: strabismic amblyopia with esotropia of the right eye; epiretinal membrane of the right eye retinal pigment epithelia changes of both eyes; central serous chorioretinopathy of the left eye; loss of central visual acuity in both eyes; decreased visual field in left eye; cataracts in both eyes, and presbyopia in both eyes. (Tr. 402).

The ALJ found that prior to January 2, 2025—the date that Plaintiff became disabled—Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations; he can frequently climb ramps and stairs, but he should never climb ladders, ropes, or scaffolds. He could perform frequent postural activities. He can work in an environment with occasional hazards and can perform work that requires frequent near acuity, no far acuity, no depth perception, no field of vision and with occasional accommodation. He can perform simple, routine, and repetitive tasks. (Tr. 403).

The ALJ found that beginning on January 2, 2025, Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can frequently climb raps and stairs, but he should never climb ladders, ropes, or scaffolds. He could perform frequent postural activities. He can work in an environment with occasional hazards and can perform work that requires occasional near acuity, no far acuity, no depth perception, no field of vision and with occasional accommodation. He can perform simple,

routine, and repetitive tasks. He would be expected to be off task approximately 15 percent of the workday.

Based upon his RFC prior to January 2, 2025, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as sales route driver helper, linen room attendant, caretaker, and bartender helper. (Tr. 408). The ALJ then found that beginning on January 2, 2025, there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ determined that Plaintiff was not disabled prior to January 2, 2025, but became disabled on that date.

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*,

402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. Discussion

On appeal, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints about the intensity, persistence, and limiting effects of his headaches that existed for the period of July 2, 2021, through January 2, 2025.

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id*. (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.,* 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id*. Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id*. (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully supported prior to January 2, 2025. (Tr. 404).

The ALJ explained that while the records show that Plaintiff's vision worsened, the records also show that Plaintiff was not limited in his ability to navigate normal workplace hazards; that the most recent survey shows no difficulty in most work-related tasks to include

cooking, driving, fine handwork, playing games, or reading traffic signs; that he reported no problems reading, recognizing people, seeing steps, stairs, or curbs or writing, but reported problems reading newspapers, books, or telephone books and reading small print such as labels, price tags, and medicine bottles. (Tr. 404-05). With respect to headaches, the ALJ simply noted, "I have also considered the claimant's testimony about headaches in assessing the limitations." (Tr. 405). The ALJ then stated:

> I have limited the claimant to no climbing of ladders, ropes, or scaffolds, at unprotected heights, and on uneven shifting or obstructed terrain due to his combined limitation of visual field, complaints of blurred vision, and limited visual acuity. He can occasionally climb ramps and stairs and should not operate hazardous machinery for these same reasons. However, he can perform work that requires up to occasional near acuity, far acuity, and visual accommodation based on his responses from the September 2022 survey.

As an initial matter, the ALJ did not state which testimony about headaches he considered. Moreover, he did not tie any of the functional limitations to Plaintiff's reported headaches, nor did he find that Plaintiff's headaches caused no functional limitations. Accordingly, the Court is left to guess what, if any, impact the ALJ concluded Plaintiff's headaches had on his functional ability to work. Indeed, in finding that Plaintiff was disabled as of January 2, 2025, the ALJ relied in part on reports that claimant's headaches are triggered when in sunlight, due to his ocular conditions. (Tr. 406). Plaintiff, however, reported that he had been having almost daily headaches since March 2020 when the fluid behind his eyes first appeared and that if a headache came on and he was outside doing yard work, he had to go inside and rest until the headache stopped or he could take Tylenol. (Tr. 257-58). Moreover, at the first hearing, Plaintiff testified that sunlight really bothered him (Tr. 47) and that at times he needed to keep the lights off in the house due to the glare. (Tr. 49). Without further explanation from the ALJ, the Court cannot determine whether he properly considered

Plaintiff's complaints of headaches on his ability to work. Accordingly, remand is warranted to reconsider Plaintiff's subjective complaints, including his complaints of daily headaches prior to January 2, 2025.

The ALJ's failure to articulate explicit and adequate reasons for discrediting Plaintiff's complaints related to his headaches is particularly troubling because this exact issue was raised in Plaintiff's prior appeal and was the basis for this Court's remand in 5:23-cv-547-JSM-PRL:

> While the ALJ stated that she considered Plaintiff's testimony about headaches in assessing the RFC limitations, she did not tie any of the mentioned limitations to his complaints of daily headaches caused by his vision problems. Nor did she find that his headaches caused no limitations in his functional work ability. Plaintiff had severe eye problems both in his right eye – which has little to no vision – and in his left eye when the fluid behind the eye builds up. His daily headaches symptoms resulted from these eye problems. The ALJ acknowledged that Plaintiff testified that at a minimum, when he had multiple daily headaches, he must take Tylenol and rest for 15-20 minutes each time. (Tr. 17). Even though the ALJ acknowledged Plaintiff's daily headaches, she did not clearly articulate specific reasons to discount Plaintiff's complaints of headaches nor did she discuss their impact on Plaintiff's functional ability to work. The Court cannot determine whether the ALJ considered Plaintiff's medical condition as a whole. For these reasons, remand is warranted to reconsider Plaintiff's subjective complaints, including his complaints of daily headaches.

The Court will afford the Commissioner one final opportunity to properly consider Plaintiff's subjective complaints, including his complaints about headaches. The Commissioner is cautioned that he does not receive "endless opportunities to get it right." *Goodrich v. Comm'r of Soc. Sec.*, 2012 WL 750291, at *14 (M.D. Fla. Feb. 7, 2012) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001)).

## IV. CONCLUSION

For the reasons stated above, the ALJ'S decision is **reversed** pursuant to 42 U.S.C. § 405(g) and remanded for further proceedings to determine whether Plaintiff was disabled prior to January 2, 2025. The **Clerk is directed** to enter final judgment for Plaintiff and **close the file**.

**DONE** and **ORDERED** in Ocala, Florida on September 1, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party